Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3781 | **DATE** | 1/10/2013 |
| **CASE TITLE** | United States ex rel. Warren Shafford vs. Randy J. Davis | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court denies Shafford's petition pursuant to 28 U.S.C. § 2254 and terminates this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Warren Shafford has filed a petition pursuant to 28 U.S.C. § 2254 to vacate his 2003 conviction for first degree murder. Section 2254 claims are generally subject to a one-year limitations period that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002) (a conviction is final when the direct appeal and any certiorari proceedings are complete or, if petitioner does not seek a writ, the ninety-day period for doing so expires). The Illinois Supreme Court denied Shafford's petition for leave to appeal ("PLA") on January 25, 2006, (*see* Gov't Ex. C, *People v. Shafford,* 844 N.E.2d 971 (Ill. 2006)), and he did not seek a writ of certiorari. Thus, the one-year limitations period started to run on April 28, 2006, ninety-days after the denial of Shafford's PLA.

     The period ran for the next sixty-eight days but was tolled from July 6, 2006 through May 29, 2008, during the pendency of Shafford's state post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection"); (Gov't Ex. D, Pet. Post-Conviction Relief (showing filing date of July 6, 2006) & Gov't Ex. G, *People v. Shafford*, 889 N.E.2d 1121 (Ill. 2008) (showing issuance date of May 29, 2008).) On May 30, 2008 the period started to run again, and on March 22, 2009, 297 days later, the limitations period ended. Shafford did not file this petition until May 26, 2011,[1] more than two years late.

     Shafford does not dispute these dates, but argues that the one-year period set forth in § 2244(d)(1)(A) does not control the timeliness of his petition. Rather, he argues that § 2244(d)(1)(B), which measures the limitations period from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed" applies. The state-created impediment, Shafford says, was lack of access to an adequate law library. "The Seventh Circuit has yet to decide whether an

| STATEMENT |
|---|

inadequate library is grounds for statutory tolling as a state-created impediment." *Moore v. Battaglia*, 476 F.3d 504, 507 (7th Cir. 2007). However, even if it were, there is no evidence to suggest that Shafford was denied access to the prison library or that the library was inadequate. On the contrary, the prison librarian attests that from May 2008 through May 2011, the library had "up-to-date copies of the statutes governing federal habeas corpus proceedings," and Shafford made thirty-two visits – albeit, after the limitations period had already expired – to the library during that time. (*See* Gov't Ex. H, Heidemann Aff.) Thus, even if lack of access to an adequate law library constituted an "impediment" within the meaning of § 2244(d)(1)(B), it would not help Shafford.

Shafford's last hope for saving his claims is the doctrine of equitable tolling. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010) (holding that the § 2244(d)(1) limitations period can be equitably tolled). "[A habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (quotation omitted). Some courts have held that a mental condition "so severe[]" that it "impair[s] [petitioner's] ability . . . effectively to pursue legal relief," can be the basis for equitable tolling. *Riva v. Ficco*, 615 F.3d 35, 40 (1st Cir. 2010); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (same); *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008) (same). The mere existence of a mental impairment is not, however, grounds for relief. *Riva*, 615 F.3d at 40. Rather, "[t]here must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief." *Id.*; *see Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (emphasis original).

The record shows that Shafford has some cognitive impairment, but it does not suggest that the impairment prevented him from filing a timely petition. In 1986, Shafford suffered a brain injury that "caused significant cognitive deficits," of "uncertain" duration. (*See* Gov't Ex. D, Post-Conviction Pet., Ex. E-6, 7/20/86 Letter from Dr. Suh.) In 1990, Shafford's doctor said that Shafford's memory and problem solving abilities had been "severely compromis[ed]" by the injury, but that his "condition [had] improved well" after rehabilitation. (*Id.*, Ex. E-4, 2/22/90 Letter from Dr. Suh.) In June 2001, just months before the murder, the doctor referred Shafford to job training, though he described Shafford's cognitive function and memory as "poor," because Shafford "want[ed] to try to engage [in] kind of gainful job activities." (*Id.*, Ex. E-3, Dr. Suh's 6/7/01 Notes.) In 2003, Shafford told a pre-sentence investigator that he had short-term memory loss but his mental health was otherwise fine. (*See* Gov't Ex. B, *People v. Shafford*, 01 CR 30570 at 4 (Ill. App. Ct. Sept. 2, 2005).) A state psychiatrist who examined Shafford shortly thereafter, concluded that he "[had been] fit to stand trial . . . and [was] currently fit for sentencing." (*See* Gov't Ex. D, Post-Conviction Pet., Ex. J-7 10/10/03 Letter from Dr. Gutzmann.) Moreover, though there is no medical evidence after October 2003, a grievance Shafford filed in July 2009 shows that he was well aware that there was a time limit for filing a § 2254 petition. (*See* Pet'r's Supplemental Claims Reply at 4, 7/11/09 Grievance (saying "I . . . have a deadline in court" and asking to be transferred to another facility "before time run [sic] out").) In short, there is no evidence to suggest that Shafford's mental impairment caused him to miss the deadline for filing his petition. Thus, the doctrine of equitable estoppel does not save his time-barred claims.

1. Though the petition was entered on the docket June 3, 2011, Shafford is deemed to have filed it when he gave it to prison officials for mailing, which was May 26, 2011. (Pet. Cert. Serv.); *see Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (holding that "for statute of limitations purposes, a [§ 2254] petition is deemed filed when given to the proper prison authorities [for mailing]").